IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BUCK DANIEL MOORE,

Petitioner,

vs.

PLATTE COUNTY DETENTION
CENTER, and/or LINCOLN
REGIONAL CENTER,

Respondent.

**8:25CV668**

**MEMORANDUM AND ORDER**

This matter is before the Court on initial review of the Petition for Writ of Habeas Corpus filed by Buck Daniel Moore. Filing 1, as supplemented by Filings, 9-13. Liberally construed, Moore challenges his state pretrial detention at the Platte County Detention Center and/or Lincoln Regional Center, and the merits of his pending Platte County criminal charges. He seeks release from pretrial detention pursuant to 28 U.S.C. § 2241 and a speedy trial. For the reasons discussed below, the habeas petition will be dismissed.

## I. BACKGROUND

Based on the state court records in *State of Nebraska v. Moore*, CR25-986 (Platte Cnty. Ct.),[1] the Columbus, Nebraska police contacted Moore at approximately 9:00 p.m. on September 24, 2025, as Moore was lying on or near a roadway. Moore allegedly possessed two knives. He was arrested for possession of a deadly weapon by a prohibited person. The following day, a county court judge in Platte County, Nebraska reviewed the affidavit of the

---

[1] The Court takes judicial notice of Nebraska court records available online at http://www.nebraska.gov/justice. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records).

arresting officer and concluded there was probable cause to believe Moore committed the cited felony offense. She ordered a competency evaluation and entered an order detaining Moore with a $25,000 bond, 10 percent allowed. She also set a hearing for review of competency to stand trial to be held on October 7, 2025. A criminal complaint was filed on September 30, 2025.

Klaus Hartmann, M.D. wrote a competency opinion letter on September 30, 2025. At the hearing held on October 7, 2025, counsel was appointed to represent Moore, and a competency hearing was scheduled for October 14, 2025. On October 14, 2025, the court again ordered Moore detained with a $25,000 bond, 10 percent allowed.

Matthew Huss, Ph.D., evaluated Moore on December 11, 2025, and he wrote his opinion letter on December 29, 2025. On motion from the government, Dr. Hartmann was ordered to reevaluate Moore, due to the time that had elapsed since the initial evaluation. On January 22, 2026, Moore moved to continue the evidentiary hearing on competency pending receipt of the Dr. Hartmann's reevaluation report. The competency hearing is now set for March 4, 2026.

Moore disagrees with the county court judge's rulings, but he did not ask the Platte County District Court, by motion or appeal, to release him from detention, reduce his bond, or promptly schedule his trial, and he did not file a state habeas petition challenging his pretrial detention or claiming he is entitled to release because his speedy trial rights were violated.

Moore's federal habeas petition, filed on November 19, 2025, alleges he is being unlawfully detained, and for an unreasonable amount of time, pending trial. Filing 1 at 2-3, 7. He is not satisfied with his representation by appointed counsel. Filing 10 at 2; Filing 11 at 4. Moore argues the criminal charge against him is invalid because his prior record is 20 years old, it was expunged 10 years

2

ago, he has never been violent, and he has a constitutional right to bear arms. Filing 1 at 1, 7-8; Filing 9 at 5; Filing 10 at 1; Filing 11 at 2; Filing 13 at 1-3. Moore states he has ADHD and bipolar-type schizoaffective disorder and was or will be sent to the Lincoln Regional Center to be evaluated for competency to stand trial. Moore objects to this evaluation, being stereotyped as homeless and labelled as incompetent, and being denied his proper medication and prescribed improper or excessive medication. Filing 1 at 8; Filing 10 at 3, 5; Filing 11 at 2-3, 5; Filing 13 at 1. Based on his prior experience with court-ordered psychological evaluations, he believes confinement at the Lincoln Regional Center is dangerous and harmful. Filing 13. He asks this court to release him, dismiss the pending Platte County case, dismiss the Illinois and Oregon misdemeanor cases that are "popping up oddly," and issue a certificate restoring his right to bear arms. Filing 12 at 1.

## II. DISCUSSION

28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions. However, "[i]t is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391 (1918). Generally, absent special circumstances, a criminal defendant cannot pursue federal habeas relief as a means of adjudicating a defense to a state criminal charge prior to a state judgment of conviction. *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 489 (1973). However, a federal habeas court may consider a constitutional claim of denial of speedy trial rights before the petitioner has been brought to trial on the state charge, provided the petitioner has first exhausted available state court remedies for consideration of that constitutional claim. *Braden,* 410 U.S. at 492. A petitioner must first exhaust his available state remedies before requesting habeas relief under 28 U.S.C. §

3

2241. *Wright v. United States Dist. Ct. Dist. of Nebraska*, No. 8:22-CV-439, 2023 WL 2810786, at \*3 (D. Neb. Apr. 6, 2023).

The merits of the prosecution's claims and Moore's defense—e.g., whether his prior criminal record was expunged such that he was allowed to lawfully possess a weapon and/or had a constitutional right to do so—must first be decided in the state case and not on pretrial habeas review.

The court has thoroughly reviewed Moore's habeas petition in the context of the state court records. Moore is detained and awaiting a competency determination.[2] Moore cannot pursue his federal habeas petition for state pretrial release without first pursuing the state court remedies available under Nebraska law. But he has not moved the Platte County District Court to review any of the county court rulings, (Neb. Rev. Stat. § 25–2730(6)), including his objection to a competency evaluation and hearing, his detention, or the amount of his bond. *See e.g., State v. Griffin*, 705 N.W.2d 51 (Neb. 2005). He has not moved for dismissal on speedy trial grounds, and he has not appealed the denial of any such motion. *State v. Mortensen,* 841 N.W.2d 393, 400 (Neb. 2014). And he has not raised any of the claims in his federal habeas petition in a state action for habeas relief, including any claim of unlawful detention, excessive bond, or violation of his constitutional speedy trial rights. *See State v. Kula,* 579 N.W.2d 541, 550 (1998) (collecting cases) ("[T]he appropriate form of relief from denial of a motion to reduce bail claimed to be excessive is by habeas corpus.")

Moore's habeas claims are therefore unexhausted and not properly before this court. His federal habeas petition must be dismissed.

A federal habeas petitioner must first obtain a certificate of appealability

---

[2] It is unclear whether Moore is detained at the Platte County Detention Center or at the Lincoln Regional Center. But the location of detention does not change the outcome of the Court's preliminary review of Moore's federal habeas petition.

4

before appealing any adverse ruling on a petition challenging state-imposed detention. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Moore has failed to make a substantial showing that a constitutional right is being or was denied. The Court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED:

1)   The habeas corpus petition, Filing No. 1, including its supplements at filings 9-13, is dismissed without prejudice.

2)   No certificate of appealability has been or will be issued in this matter.

3)   The Court will enter judgment by separate document.

Dated this 28th day of January, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

5